AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| HATEM (ADAM) EL-GAZAR | ) **10** **CV** **851** |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| THE CITY OF NEW YORK, THE NEW YORK CITY | ) **JUDGE KOELTL** |
| POLICE DEPARTMENT, P.O. ISAAC BRANCH | ) |
| *Defendant* (Shield #13238) | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* 1. THE CITY OF NEW YORK, CORPORATION COUNSEL, 100 CHURCH STREET, NEW YORK, NY 10007
2. THE NEW YORK CITY POLICE DEPARTMENT, ONE POLICE PLAZA, NEW YORK, NY 10007
3. P.O. ISAAC BRANCH (SHIELD #13238), C/O THE NEW YORK CITY POLICE DEPARTMENT, ONE POLICE PLAZA, NEW YORK, NEW YORK 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) --- or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: MICHAEL B. PALILLO, P.C.
277 BROADWAY, SUITE 501
NEW YORK, NY 10007
(212)608-8959

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MIC⎯⎯⎯⎯⎯⎯⎯HON

*CLERK OF COURT*

FEB - 3 2010

Date: 2/1/10

*Signature of Clerk or Deputy Clerk*

JUDGE KOELTL

MICHAEL B. PALILLO, P.C.
MICHAEL B. PALILLO, ESQ.
Attorney for Plaintiff
277 Broadway, Suite 501
New York, NY 10007
(212)608-8959

# 10 CV 851



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

HATEM (ADAM) EL-GAZAR

      Plaintiffs,     **VERIFIED COMPLAINT**

  -against-       Case No.

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT,
P.O. ISAAC BRANCH, SHIELD # 13238

      Defendants.

- - - - - - - - - - - - - - - - - - - -X

   Plaintiff, by his attorney, MICHAEL B. PALILLO, ESQ.,
complaining of the Defendants herein, alleges upon information
and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,

   1. That this is an action for money damages to
redress deprivation by Defendants of the rights secured to the
Plaintiffs under the Constitution and Laws of the United States
of America and the State of New York. The Defendants
unreasonably seized the person of Plaintiffs, HATEM (ADAM) EL-
GAZAR, subjected him to degrading and humiliating searches and

his body and home without a warrant, arrested them, all without probable cause.

2.    That the jurisdiction of this Court is invoked under the Provisions of Sections 1331 and 1343 of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code, and under the pendent jurisdiction of this Court with respect to the causes of action under State Law sounding in tort.

3.    That at all times herein mentioned, Plaintiff HATEM (ADAM) EL-GAZAR  is a resident of the State of New York, County of Richmond United States of America.

4.    That at all times mentioned herein, THE CITY OF NEW YORK, hereinafter "CITY" was and still is a municipal Corporation existing and organized by virtue of the Laws of the State of New York.

5.    At all times mentioned herein, THE NEW YORK CITY POLICE DEPARTMENT, hereinafter "NYCPD", was and still is a Department and/or agency of the CITY OF NEW YORK and operates under its supervision, management and control.

6.    That at all dates and times hereinafter mentioned, P.O. ISAAC BRANCH (Shield #13238) was an employees of the "NYCPD" and acted within the scope of his employment as such.

7.    That a Notice of Claim and intention to sue the CITY and NYCPD was duly presented to the Office of the

2

Comptroller of the City of New York on the 28ᵗʰ day of October
2008.

8.    That the CITY has demanded a hearing, pursuant to
§50-H of the General Municipal Law, and a hearing was held on
December 2, 2009 a hearing was held.

9.    That at all times herein mentioned, the Defendants
were acting under color of law, that is, under color of the
Constitution, statutes, laws, rules, regulations, customs and
usages of the City and State of New York.

10.    That at all times herein mentioned, the
Defendants, and each of them, separately and in concert with
each other engaged in acts and omissions which constituted
deprivation of the rights, privileges and immunities of the
Plaintiffs and while these acts were carried out under color of
law, they had no justification or excuse in law, and were
instead gratuitous, illegal, improper and unrelated to any
activity in which law enforcement officers may appropriately and
legally engage in the course of protecting persons and property
or insuring Civil order.

11.    That at all times mentioned herein, each of the
Defendants had the power and duty to restrain the other
Defendants and prevent them from violating the law and rights of
the Plaintiff but that each of the Defendants failed and refused

3

to perform that duty, failed and refused to restrain the other

Defendants, and thereby became party to the injuries inflicted

upon Plaintiff.

12.    That at all dates and times hereinafter

mentioned, the Plaintiff, HATEM (ADAM) EL-GAZAR was lawfully

inside the premises located at 171 West 4th Street, County, City

and State of New York.

13.    On or about August 7, 2008 at approximately 5:00

p.m., P.O Isaac Branch falsely arrested and unlawfully

imprisoned HATEEM (ADAM) EL-GAZAR, kept him in a police car

handcuffed, drove him to the 6th pct, where he was

fingerprinted, photographed, kept in a holding cell, transported

to central booking, where he remained overnight, processed, held

over twenty (24) four hours in a holding cell, transported to

Criminal Court New York County, where he appeared before a

Criminal Court Judge wherein he was arraigned on PL 110/165.40,

attempted possession of stolen property in the fifth degree, and

was released without bail.

14.    HATEEM (ADAM) EL-GAZAR was required to retain

private counsel to appear with him the Criminal Court New York

County on August 8, 2008, September 2, 2008, November 29, 2008,

and on February 23, 2009, was required to file a motion to

dismiss the accusatory instrument pursuant to CPL 100.15 (1),

4

(2), (3) which motion was granted by decision and order of the Hon: Neil E. Ross which adopted the decisic.. of JHO Gerald Harris dated February 23, 2009.

15.   As a result of the foregoing, Plaintiff was forced to remain in a filthy room at said precinct in the company of criminals and persons charged with crimes, and disorderly and vile persons.

16.   That at the aforementioned date, time and place, the agents, servants and/or employees of the CITY and NYCPD, as previously set forth, without just cause or provocation, intentionally threatened, pushed and shoved the Plaintiff  and placed handcuffs on his hands and wrists without permission.

17.   The aforesaid searches, detention and arrest of Plaintiff  constituted unreasonable and excessive force by the CITY and NYCPD as identified above.

18.   Plaintiff was deprived of his freedom for a substantial period of time, suffered severe emotional trauma and injury, was subjected to great fear and terror and personal humiliation and degradation, and has continued to suffer from mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants and has been caused to fear repetition of the unlawful conduct by the Defendants or by other police officers.

5

19.   In the manner aforesaid, each of the Defendants, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under color of law, violated the following rights of the Plaintiff:

> A) To be free from unreasonable search and seizure;
>
> B) To be free from search and seizure without probable cause;
>
> C) To be free from unlawful detainment and arrest;
>
> D) To be free from assault and battery;
>
> E) To be free from negligence in the performance of police duties;
>
> F) To be free from summary punishment without trial;
>
> G) Due process of law;

20.   All of these rights are secured to the Plaintiff by the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and by 42 U.S.C. Sections 1983 and 1988, and by the Statutes and Laws of the State of New York which are invoked under the pendent jurisdiction of this Court.

21.   That solely by reason of all the foregoing,

6

Plaintiff and has suffered damage and injury.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF HATEM (ADAM) EL-GAZAR

22. Plaintiff, repeats, reiterates and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "20" inclusive with the same force and effect as though each were fully set forth at length herein.

23. Upon information and belief that at the aforesaid time and place, Plaintiff was assaulted and had both hands placed on him by the Defendants herein, without the consent of the Plaintiff.

24. That Plaintiff in no way instigated, caused or contributed to the complained of conduct.

25. That as a result of the assault the Plaintiff, suffered, his health was impaired, he was caused to endure scorn and ridicule by being taken in handcuffs and then placed in front of the co-employees and residents of the community where the Plaintiff works. Plaintiff suffered great mental distress and humiliation, her reputation and character were injured and she was embarrassed.

26. That solely by reason of all the foregoing Plaintiff has suffered damage and injury.

7

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF HATEM (ADAM) EL-GAZAR

27.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "20", "23" through "25" inclusive, with the same force and effect as though each were fully set forth at length herein.

28.  That the Defendants intentionally and for the purpose of causing severe mental distress conducted themselves toward the Plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

29.  That the Defendants recklessly conducted themselves toward the Plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

30.  That solely by reason of the foregoing has suffered damage and injury.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF HATEM (ADAM) EL-GAZAR

31.  The Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this complaint designated "1" through "20", "23" through "25", "28" and "29" inclusive with the same force and effect as though each were fully set forth at length herein.

8

32.   On or about August 8, 2008 the Defendants falsely and maliciously and without probable cause or provocation, charged the Plaintiff with violation of PL 110/165.40 among other things, various crime.

33.   That on August 8, 2008, September 2, 2008, November 29, 2008, and on February 23, 2009, was required appear before the Hon: Neil E. Ross in the Criminal Court New York County 100 Center Street New York New York.

34.   That on November 26, 2008, a motion to dismiss the Criminal Court Complaint pursuant to CPL 100.15 (1) (2) (3) was filed in the Criminal Court New York County.

35.   The Hon: Neil E. Ross granted Plaintiff's motion to dismiss the Criminal Court Complaint by adopting the Findings, Conclusions and Recommendations of Judicial Hearing Officer Gerald Harris dated February 23, 2009.

34.   The Plaintiff was caused to retain a private attorney, spend diver sums of money for representation in Criminal Court in excess of $2,500.00

35.   That on February 23, 2009 the charges against the Plaintiff were dismissed.

36.   That solely by reason of the foregoing the Plaintiff has suffered injury and damage.

9

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF HATEM (ADAM) EL-GAZAR

37.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this complaint designated "1" through "20", "23"through  "25" "28", "29", and "32" through "35" inclusive with the same force and effect as though each were fully set forth at length herein.

38.   That solely as a result of acts of the Defendants, their agents, servants and employees, the Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff HATEM (ADAM) ELGAZAR demand judgment against the Defendant as follows:

(A) HATEM (ADAM) ELGAZAR demands judgment  against Defendants on the First Cause of Action in the sum of TWO MILLION FIVE HUNDRED THOUSAND

DOLLARS ($2,500,000.00);

B) HATEM (ADAM) ELGAZAR demands judgment against Defendants on the SECOND CAUSE OF ACTION in the sum of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00);

10

C) HATEM (ADAM) ELGAZAR demands judgment against Defendants on the THIRD CAUSE OF ACTION in the sum of TWO MILLION FIVE HUNDRED THOUSAND  DOLLARS ($2,500,000.00);

D) HATEM (ADAM) ELGAZAR demands judgment against the Defendants on the FOURTH CAUSE OF ACTION in the sum of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00);

E) HATEM (ADAM) ELGAZAR demands judgment against the Defendants on the FIFTH CAUSE OF ACTION for punitive damages in a sum to be determined;

F) Together with the costs and disbursements of this action.

Dated: New York, New York
       December 6, 2009

MICHAEL B. PALILLO (MP 0044)
MICHAEL B. PALILLO, P.C.
Attorney for Plaintiff
277 Broadway, Suite 501
New York, NY 10007
(212)608-8959

11

STATE OF NEW YORK )
                  )SS.:        **V E R I F I C A T I O N**
COUNTY OF NEW YORK)


        I, HATEM EL-GAZAR A/K/A ADAM ELGAZAR, being duly sworn,

depose and say:  I am the Plaintiff in the within action; I have

read the foregoing   **SUMMONS AND COMPLAINT** and know the contents

thereof; the same is true to my own knowledge, except as to the

matters therein stated to be alleged on information and belief,

and as to those matters I believe it to be true.


Sworn to before me this

____ day of January, 2010      _____
                                HATEM EL-GAZAR A/K/A
                                ADAM ELGAZAR


_____
NOTARY PUBLIC

            MICHAEL B. PALILLO
        Notary Public, State of New York
               No. 02PA...509
            Qualified in Nassau County
        Commission Expires    3/12010

Michael B. Palillo, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following under penalties of perjury:

1. I am the attorney for the Plaintiff(s) in the above captioned matter. I have read the foregoing Summons and Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true based on a review of the files maintained in this office and conversations had with the Plaintiff(s)  The reason why this verification is made by the undersigned attorney rather than the Plaintiff(s) is that the Plaintiff(s) do/does not reside in the County were in I maintain my office for the practice of law.

Dated: New York, New York
       December 5, 2009

Michael B. Palillo

Civil Docket No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

HATEM EL-GAZAR a/k/a ADAM ELGAZAR,

                    Plaintiff,

    -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT,
P.O. ISAAC BRANCH, SHIELD # 13238

                Defendant.

─────────────────────────────────────

## SUMMONS AND COMPLAINT

─────────────────────────────────────

### Michael B. Palillo P.C.

*Attorneys for Plaintiff(s)*
*Office and Post Office Address:*
**277 Broadway, Suite 501**
**New York, NY 10007**
**(212) 608-8959**
(212) 608-0304 Fax (Not for Service)
Palillolaw@AOL.COM
(Not for Service)

─────────────────────────────────────

Signature (Rule 130-1.1-a)

MICHAEL B. PALILLO, ESQ.
           0044