UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HATEM (ADAM) EL-GAZAR,

                                  Plaintiff,

              -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, P.O. ISAAC BRANCH,
SHIELD # 3238.

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF CITY OF NEW YORK**

10-CV-851(JGK)

JURY TRIAL DEMANDED

        The City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York.

        5.      Denies the allegations set forth in paragraph "5" of the complaint, except admits that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and that the City maintains a police department, and

respectfully refers the Court to the NYC Charter and Administrative Code for a recitation of the City's functions.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York employs Isaac Branch as a police officer.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the a document purporting to be a notice of claim was received by the Comptroller's Office on October 28, 2008.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff testified at a hearing pursuant to N.Y. Gen. Mun. L. §50-h on December 2, 2009.

9. Denies the allegations set forth in paragraph "9" of the complaint, and states that the allegation that defendants "were acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs and usages of the City and State of New York" is a conclusion of law, rather than any averment of fact, and accordingly no response is required.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that on or about August 7, 2008, plaintiff was arrested by New York City police officers.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint and all of its subparts.

20. Denies the allegations set forth in paragraph "20" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in the second paragraph "34" of the complaint.[1]

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second paragraph "35" of the complaint.

38. Denies the allegations set forth in paragraph "36" of the complaint.

39. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

40. Denies the allegations set forth in paragraph "38" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

41. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

42. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

---

[1] The complaint contains two paragraphs enumerated with the number "34" and two paragraphs enumerated with the number "35".

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

43. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of third parties and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

44. Plaintiff may have failed to comply with N.Y. Gen. Mun. L. §50-e, *et seq*.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

45. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

46. At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

47. Plaintiff cannot obtain punitive damages against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

48. Plaintiff's claims may be barred by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

49. The New York City Police Department is not a suable entity.

**WHEREFORE,** defendant City requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           April 29, 2010

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                 City of New York
                              Attorney for Defendant City
                              100 Church Street, Room 3-155
                              New York, New York 10007
                              (212) 788-1177

                          By:     /s/
                              Benjamin E. Stockman
                              Assistant Corporation Counsel

cc:     Michael Palillo, Esq. (By ECF)
        Attorney for Plaintiff
        277 Broadway, Suite 501
        New York, NY 10007

Index No.  10-CV-851(JGK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HATEM (ADAM) EL-GAZAR,

             Plaintiff,

      -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, P.O. ISAAC BRANCH, SHIELD # 3238.

             Defendants.

**ANSWER ON BEHALF OF CITY OF NEW YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Benjamin E. Stockman*
*Tel:  (212) 788-1177*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y........................................................................................, 200...*

*.................................................................................................................... Esq.*

*Attorney for..............................................................................................................*